***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. On or about the date of the alleged injury that is subject of this action, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all times relevant hereto, the employer regularly employed three or more employees.
3. Defendant is a duly qualified self-insured with Crawford 
Company as its servicing agent.
 ***********
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff's counsel filed a Motion to Compel Defendants to Respond to a Rule 607 request and to file a statement of Acceptance or Denial, in accordance with Rule 601.
2. On September 26, 2003, the Commission filed an Order compelling defendants to respond to questions 2-4 in Plaintiff's First Set of Interrogatories.
3. On October 1, 2003, defendant filed an I.C. Form 33R, appealing the September 26, 2003 Order, and a Motion for Stay with the Office of the Executive Secretary, which had not been ruled upon as of the date of this hearing.
4. After defendants failed to comply with the September 26, 2003 Order, plaintiff's counsel filed a Motion to Show Cause. Defense counsel filed a Response to plaintiff's Motion on November 17, 2003, in which counsel reiterated that defendant had appealed the September 26, 2003 Order and had filed a Motion for a Stay which had not been ruled on by the Executive Secretary.
5. On November 17, 2003, Chief Deputy Commissioner Stephen Gheen issued an Order granting plaintiff's Motion to Show Cause. Pursuant to this Order, the contempt hearing was set before the deputy commissioner for hearing on December 12, 2003.
6. Prior to this hearing, defendant had provided the Interrogatory Responses which plaintiff sought. Any inability to provide the information sooner was not due to defendant's willful intent to disobey a Commission Order, but rather was due to the plant closure and the lack of information regarding the names and addresses of former employees. As such, the undersigned find in their discretion, there was no willful intent on the part of defense counsel to disobey the Commission's prior Orders. In fact, the documentary exhibits offered at the hearing clearly establish defense counsel maintained open communication with plaintiff's counsel regarding his progress in securing the sought after information, despite limited information from the plaintiff herself regarding the names of her coworkers.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Defendant is not in civil contempt for any alleged failure to comply with Orders of the Commission. No costs are assessed. N.C. Gen. Stat. §97-80(g).
This the 28th day of October 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN
DCS/mlb